# In the United States Court of Federal Claims

No. 19-1654C

(Filed: January 15, 2020)

**(NOT TO BE PUBLISHED)**

| | |
|---|---|
| **MANZOOR HUSSAIN JAVED,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **UNITED STATES,** | ) ) |
| Defendant. | ) ) ) |

Manzoor Hussain Javed, *pro se*, Pirna, Germany.

Stephanie A. Fleming, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for defendant. With her on the brief were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Kenneth M. Dintzer, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiff Manzoor Hussain Javed has brought suit in this court alleging that the Social Security Administration inappropriately denied him social security benefits. *See* Compl. at 2. Mr. Javed seeks relief in this court in the form of an order that the Social Security Administration either issue his benefits on a monthly basis or refund with interest social security payments he and his employer made. Compl. at 3. The United States as defendant has responded with a motion to dismiss for lack of subject-matter jurisdiction ("Def.'s Mot."), ECF No. 6.

Because this court lacks subject-matter jurisdiction, Mr. Javed's claim is DISMISSED.

## BACKGROUND

Mr. Javed, who currently resides in Germany, lived in the United States for approximately thirty years, from 1981 to 2011. Compl. at 4. In 1986, he obtained a social security number and began making social security contributions in connection with a valid work

permit. Compl. at 4. He was deported in 2011, and his 2016 application for a visa to reenter the United States was denied. Compl. at 4. Born in 1953, Mr. Javed is sixty-six years old and maintains that he is eligible to receive social security benefits. Compl. at 4. In July of 2015, he applied for social security benefits, but he asserts that his claim was denied because he was not at that time a legal resident of the United States. Compl. at 4.

Mr. Javed filed his complaint with this court on October 23, 2019. He claims that he is entitled to receive either monthly social security benefits or a refund, including interest, of social security contributions he and his employer made. Compl. at 3.

## STANDARDS FOR DECISION

*Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)). In some cases, even when the jurisdictional requirements of the Tucker Act would otherwise be satisfied, Congress may have chosen to designate exclusive jurisdiction over particular statutes elsewhere, thereby precluding this court from exercising jurisdiction over claims arising thereunder. *See Del-Rio Drilling Programs, Inc. v. United States*, 146 F.3d 1358, 1367 (Fed. Cir. 1998) ("There are, of course, instances in which courts find that Congress has displaced Tucker Act jurisdiction in favor of some other remedial scheme.").

Mr. Javed, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[1] "Subject matter jurisdiction is an inquiry that this court *must* raise *sua sponte*." *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1369 (Fed. Cir. 2004) (emphasis added). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v.*

---

[1] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.").

*United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

A claim relating to social security benefits under the Social Security Act "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business." 42 U.S.C. § 405(g). Otherwise, "[s]uch action shall be brought . . . in the United States District Court for the District of Columbia." *Id.* This jurisdictional grant is exclusive. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *see also Arunga v. United States*, 465 Fed. Appx. 966, 967 (Fed. Cir. 2012) ("[T]he statute makes clear that the Court of Federal Claims lacks jurisdiction because claims for social security benefits must be filed in a federal district court.") (citation omitted); *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) ("[T]he Claims Court has no jurisdiction under the Tucker Act . . . over claims to social security benefits.") (citation omitted).

Therefore, because Mr. Javed's claim is for social security benefits, this court lacks subject-matter jurisdiction to hear his claim.

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED. Mr. Javed's complaint shall be DISMISSED without prejudice for lack of subject-matter jurisdiction. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

                                                                      _____
                                                                      Charles F. Lettow
                                                                      Senior Judge